# United States District Court

| EASTERN | DISTRICT OF | MICHIGAN |

UNITED STATES OF AMERICA

V.

D-1  BRANDON JOHNSON,
D-2  RYAN PUDDY,
D-3  ARKADIUSZ BEDRYJOWSKI,

(Name of Defendants)

CRIMINAL COMPLAINT

Case:2:09-mj-30214
Judge: Unassigned,
Filed: 05-01-2009 At 12:29 PM
USA V. BRANDON JOHNSON ETAL, VS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 30, 2009 in Wayne county, in the Eastern District of Michigan defendant(s) did, (Track Statutory Language of Offense)

conspiracy to possess with intent to distribute marijuana, a Schedule I controlled substance,

in violation of Title 21 United States Code, Section(s) 841(a)(1) and 846.
I further state that I am a(n) Immigration and Customs Enforcement Agent and that this complaint is based on the following facts:

(SEE ATTACHED AFFIDAVIT)

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant
MICHAEL ROSE

Sworn to before me and subscribed in my presence,

May 1, 2009                                              at   Detroit, Michigan
Date                                                          City and State

United States Magistrate Judge Steven D. Pepe            _____
Name & Title of Judicial Officer                         Signature of Judicial Officer

## AFFIDAVIT

I, Michael Rose, Special Agent, being duly sworn, depose and state the following:

1. I am a Special Agent with the U.S. Department of Homeland Security, I.C.E. (DHS-ICE) Office of Investigations, having been so designated since May of 2005. I am a graduate of Michigan State University and the Federal Law Enforcement Training Center in Glynco, Georgia. As part of my daily duties as a DHS-ICE Special Agent, I investigate criminal violations relating to the unlawful use, production and distribution of dangerous drugs.

2. This affidavit is made in support of a criminal complaint against Ryan PUDDY, Brandon JOHNSON and Arkadiusz BEDRYJOWSKI for violations of Title 21 of the United States Code, Sections 841(a)(1), which prohibits the possession with intent to distribute a controlled substance, and 846 which prohibits a person from attempting or conspiring to violate Section 841(a)(1).

3. The facts set forth in this affidavit are based upon information I have obtained by my own observations and those of other law enforcement officers. I have not set forth all of the information learned in this investigation, but only the information necessary to show probable cause that Ryan PUDDY, Brandon JOHNSON and Arkadiusz BEDRYJOWSKI have violated 21 United States Code, Sections 841(a)(1) and 846.

4. On April 29, 2009, Immigration and Customs Enforcement Special Agents and Task Force Agents were conducting surveillance in the area of the Best Western Greenfield Inn located at 3000 Enterprise Drive, Allen Park, Michigan. At approximately 6:30 p.m., agents observed a black Toyota Camry enter the parking lot. Two white males, later identified as PUDDY and JOHNSON, exited the vehicle and entered the hotel. Several minutes later, PUDDY and JOHNSON exited the hotel and left the parking lot in the black Toyota. They

returned at approximately 7:50 p.m. and each entered the hotel carrying a small suitcase. At approximately 8:20 p.m., PUDDY and JOHNSON again left the hotel parking lot in the black Toyota. At approximately 8:50 p.m., agents observed PUDDY and JOHNSON return to the hotel followed closely by a silver Infiniti FX 45 sports utility vehicle bearing New Jersey license plates. The SUV was pulling a small enclosed utility trailer bearing a Pennsylvania license plate. Agents later identified the driver of the SUV as Arkadiusz BEDRYJOWSKI.

5. On April 30, 2009, at approximately 4:30 a.m., while the SUV was parked in the parking lot of the Best Western Green Inn, Police Officer Kristina Jones of the Taylor Police Department and her narcotics detecting canine, "Indy," walked around the SUV and the trailer. "Indy" alerted to the presence of narcotics on the rear gate area and front area of the trailer.

6. During the next several hours, ICE S/A Scott Przekop maintained surveillance at Best Western Inn. S/A Przekop is a certified interdiction officer and has completed the Desert Snow interdiction training program. As part of his Desert Snow training, S/A Przekop received training in detecting and accessing hidden compartments and/or traps in vehicles. During the course of S/A Przekop's surveillance, he noted that the lower rear of the trailer under the door appeared to be altered from its original configuration in that it had an aftermarket steel panel attached. S/A Przekop also noted that the panel appeared to be secured by two black rubber bumpers. For an accurate description of the trailer, S/A Przekop consulted the manufacturer's internet website, and acquired photographs of the trailer from the website. S/A Prezekop compared the trailer in the hotel's parking lot to the manufacturer's photographs. S/A Przekop noted that the trailer in the parking lot differed from the photographs of the trailer from the manufacturer.

7. At approximately 9:00 a.m., agents observed BEDRYJOWSKI exit the hotel and place two bags into the SUV. He then returned to the hotel. At about 1:30 p.m., BEDRYJOWSKI exited the hotel and entered the SUV. He stayed in the SUV in the parking lot until departing at approximately 4:15 pm. After stopping at a gas station, BEDRYJOWSKI arrived at the Red Roof Inn located at 24130 Michigan Avenue, Dearborn, Michigan.

8. At approximately 7:00 p.m., agents observed as JOHNSON and PUDDY entered the parking lot of the Red Roof Inn and parked the black Toyota alongside the SUV, which was still occupied by BEDRYJOWSKI. Both vehicles then left the parking lot together.

9. Agents maintained surveillance on both vehicles until they entered an alley in a residential area of Wyandotte, Michigan. Both vehicles parked in the rear yard of the residence located at 2328 Cora Street, Wyandotte, Michigan. Agents observed JOHNSON, PUDDY and BEDRYJOWSKI standing at the rear of the trailer. Agents approached and took all three individuals into custody. After the scene was secured, S/A Przekop noted that the steel panel at the rear of the trailer and the small rubber bumpers had been removed. Agents also observed tools at the rear of the trailer that appeared to have been used to dismantle the trailer compartment.

10. Your affiant located the owner of the residence in front of the house. The owner, Brian Attard, granted consent for agents to search the residence. Attard also consented to the use of a police narcotics detecting canine during the search. Southgate Police Officer Tim Demers arrived at the residence with a narcotics detecting canine. The canine walked around the trailer and alerted to the presence of narcotics throughout the trailer.

11. Agents observed what appeared to be a false floor in the trailer. Under the false floor, agents found 80 bags of a green leafy substance that tested positive for the presence of marijuana. Each bag weighed approximately 1 pound.

12. Based on the information presented in this affidavit, your affiant believes there is probable cause to believe that Ryan PUDDY, Brandon JOHNSON and Arkadiusz BEDRYJOWSKI did possess with intent to distribute and conspire to possess with intent to distribute a controlled substance, marijuana, in violation of Title 21 of the United States Code Sections 841(a)(1) and 846.

Michael Rose, Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to before me
this 1st day of May, 2009

Honorable Steven D. Pepe
United States Magistrate Judge